```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

PRECIOUS OKEREKE,              )
     Plaintiff,                )
                               )
          v.                   )    C.A. No. 10-11154-MLW
                               )
JUDGE KIMBA M. WOOD, ET AL.,   )
     Defendants.               )
```

                          MEMORANDUM AND ORDER

WOLF, D.J.                                          February 24, 2013

Pro se plaintiff Precious Okereke has filed the instant improperly captioned Motion for a Three Judge Panel (the "Motion"). In essence, plaintiff is moving for reconsideration of the court's December 10, 2010, Order dismissing the case.[1] For the reasons explained below, plaintiff has not provided a meritorious reason for reconsideration and the Motion is therefore being DENIED.

The Complaint named as defendants four federal judges and six court employees from the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit as well as an Employee of the City of Boston. See Compl. ¶2. Because the Complaint failed to set forth a cognizable claim upon which relief could be granted, the court

---

[1] The caption identifies, in part, plaintiff's requested relief. In addition to reconsideration, plaintiff asks that the court convene of a three-judge panel to hear the case pursuant to 28 U.S.C.§2284. 28 U.S.C. §2284(a) provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." As neither of these conditions apply here, such relief would not be appropriate even if the case were reinstated.

directed plaintiff to demonstrate good cause, in writing, within 35 days of the date of the order, why the action should not be dismissed. See Memorandum & Order, Aug. 14, 2010. The August 14, 2010, Memorandum and Order explained in detail why the Complaint was subject to dismissal.[2] In sum, plaintiff's claims against the

---

[2] The August 14, 2010, Memorandum and Order notified plaintiff of the following:

> To the extent that Plaintiff asserts claims against the four judicial defendants, based upon her dissatisfaction with the manner in which her cases were decided in the Southern District of New York and the Second Circuit, the doctrine of absolute judicial immunity requires dismissal. The doctrine of judicial immunity protects judges from suit for any normal and routine judicial act. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (absolute judicial immunity protects integrity of judicial process); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)).
>
> Employees of a court, such as the court employee defendants, have quasi-absolute judicial immunity for tasks they perform that are an integral part of the judicial process. See Gallas v. Supreme Court of Pennsulvania, 211 F.3d 760, 772 (3rd Cir. 2000) (deputy court administrator); Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) (law clerks have judicial immunity because their duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function); Mullis v. United States Bankr. Court for the Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks and deputy clerks); cf. Dellenback v. Letsinger, 889 F.2d 755, 763 (7th Cir. 1989) (danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reports, and other judicial adjuncts-alleging as here a conspiracy between the adjunct and the judge-warrants this extension of judicial immunity to these persons)).
>
> As to the remaining defendant who is identified as an Employee of the City of Boston, Plaintiff's complaint fails to state a claim against him. In fact, other than a description of this party, the complaint does not contain any factual allegations concerning this defendant. Thus, the claims against all of the defendants are subject to dismissal.

Memorandum and Order, Aug. 14, 2010, at 3-5.

judicial and court employees were inherently defective on legal grounds because those defendants are immune from suit, and plaintiff's claims against the employee of the City of Boston lacked a sufficient factual basis to support liability.

On August 30, 2010, plaintiff filed a response to the court's August 14, 2010 Memorandum and Order. Cognizant that pro se complaints must be construed generously, the court carefully reviewed the plaintiff's filings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings). The court concluded that plaintiff had failed to demonstrate any reason why the case should not be dismissed and dismissed the Complaint on December 13, 2010.

On September 19, 2011, plaintiff filed a motion for relief from judgment. Because the motion provided no meritorious reason for the court to reconsider its prior order, the court denied the motion on August 1, 2012.

The instant Motion fails on similar grounds. While unclearly worded, it appears that plaintiff believes the court violated federal law when it dismissed her Complaint and, therefore, that the court should reconsider its prior ruling. The Motion provides neither factual support for this allegation nor a legal basis for the relief sought. Because the court properly exercised its authority to dismiss the Complaint sua sponte, the court is not reconsidering its prior order.

"Sua sponte dismissals are strong medicine, and should be dispensed sparingly." Gonzalez-Gonzales v. United States, 257 F.3d 31, 33 (1st Cir. 2001). "The general rule is that in limited circumstances, sua sponte dismissals of complaints [for failure to state a claim upon which relief can be granted] are appropriate, but that such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond." Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002). This does not mean that every sua sponte dismissal entered without prior notice is improper; such a dismissal may be proper in egregious circumstances. Id. (citing Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 7 (1st Cir. 2007) (upholding sua sponte dismissal of three claims deemed inherently defective on legal grounds, but reversing as to two claims deemed potentially salvageable through factual supplementation)).

In this case, plaintiff was afforded notice and an opportunity to respond. The August 14, 2010 Memorandum and Order notified plaintiff that her Complaint was subject to dismissal. See Memorandum and Order, Aug. 14, 2010. The court specifically advised plaintiff that her claims against the judicial defendants were subject to dismissal based on judicial immunity, that her claims against the court employees were likewise subject to dismissal based on quasi-absolute judicial immunity, and that her claims against the Employee of the City of Boston would be dismissed if

4

not supplemented with factual allegations. See id. The court provided plaintiff an opportunity to respond and directed her to demonstrate good cause why the action should not be dismissed. See id. Only after plaintiff failed to show cause why the action should not be dismissed did the court dismiss the Complaint.

In this case, the court appropriately exercised its authority to dismiss plaintiff's Complaint for failure to state a claim upon which relief could be granted. See Chute, 281 F.3d at 319. As plaintiff was afforded notice and an opportunity to respond, such a sua sponte dismissal was not erroneous. See id. As no violation of law occurred, the court sees no reason to reconsider its prior ruling.

Accordingly, it is hereby ORDERED that plaintiff's Motion for Three Judge Panel (Docket No. 13) is DENIED.

                                           /s/ Mark L. Wolf
                                           UNITED STATES DISTRICT JUDGE